UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DENNIS CAJIGAS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DIRECT RECOVERY SERVICES LLC, ) <br> ) <br> Defendant. ) | Case No. 1:21-cv-01808 |

**FIRST AMENDED COMPLAINT**

NOW COMES Plaintiff, DENNIS CAJIGAS ("Plaintiff"), by and through his attorneys, and for his First Amended Complaint against DIRECT RECOVERY SERVICES LLC ("Defendant"), alleges as follows:

Nature of the Action

1. This action is brought by Plaintiff pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

Jurisdiction and Venue

1. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d) and 47 U.S.C. § 227."

2. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the conduct giving rise to this action occurred in this district as Plaintiff resides in this district and Defendant transacts business in this district.

Parties

3. Plaintiff is a natural person residing in Chicago, Illinois, sitting in Cook County.

4. Plaintiff is allegedly obligated to pay a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant is a business entity conducting business in the State of Illinois and has its principal place of business in Two Harbors, Minnesota.

7. Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6).

8. At all times relevant to this Complaint, Defendant has acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

Factual Allegations

9. Prior to the filing of this action, an account was placed with Defendant to collect funds from Plaintiff which were alleged to be owed and past due ("debt").

10. The alleged debt arises from transactions which were primarily for personal, family, and/or household purposes.

11. In connection with its attempts to collect the alleged debt, Defendant placed telephone calls ("collection calls") to Plaintiff.

12. These collection calls were placed to telephone number at (312) XXX-4845.

13. Telephone number (312) XXX-4845 is assigned to cellular telephone service.

14. On or about March 2, 2021, Defendant placed a collection call to Plaintiff and left a message ("March 2 message") on Plaintiff's voicemail which stated, in part:

> "This is an important call from Johnathan Barlow concerning your matter. Please call us back at (844) 864-0071. Again, understand this is a matter of some importance and must be addressed. We can help. (844) 864-0071. We may speak with you or counsel. "

15. The March 2 message was automated or prerecorded.

16. Since the start of 2021, Defendant has left approximately ten identical, or nearly identical, automated (i.e., using an artificial voice) or prerecorded messages on Plaintiff's voicemail.

17. Upon information and good faith belief, based on the nature of the calls, these collection calls were placed using an automatic telephone dialing system and/or an artificial or prerecorded voice.

18. Defendant did not have Plaintiff's prior express consent to call his cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

19. Defendant never sent Plaintiff written notice regarding the amount of debt allegedly owed, the creditor for which the debt is allegedly owed, a statement that Plaintiff can dispute the validity of the debt or any portion thereof, and containing a statement notifying Plaintiff he could send a written request for the name and address of the current creditor.

20. Defendant did not disclose its identity in the March 2 message, or in the other identical, or nearly identical, messages.

21. Defendant did not state its name in the March 2 message, or in the other identical, or nearly identical, messages.

22. Defendant did not disclose that it was a debt collector in the March 2 message, or in the other identical, or nearly identical, messages.

23. Defendant did not disclose the purpose of its call was to collect a debt in the March 2 message, or in the other identical, or nearly identical, messages

24. Defendant exaggerated, misrepresented, or lied about the alleged debt in March 2 message and in the other identical, or nearly identical, messages, in order to mislead and frighten Plaintiff, in connection with its attempts to collect the alleged debt.

CLAIM FOR RELIEF
Count I
Violations of the Fair Debt Collection Practices Act - 15 U.S.C. § 1692 *et seq.*

25. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-24.

26. Defendant's violations of the FDCPA include, but are not limited to, the following:

   a. Defendant violated §1692d of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff;

   b. Defendant violated §1692d(6) of the FDCPA by placing a telephone call without meaningful disclosure of its identity;

   c. Defendant violated §1692e of the FDCPA by any other false, deceptive, or misleading representation or means in connection with the debt collection;

   d. Defendant violated §1692e(10) of the FDCPA by using deceptive means via false and misleading statements regarding the alleged debt;

   e. Defendant violated §1692e(11) of the FDCPA by failing to disclose in it initial communication with Plaintiff that that it was a debt collector attempting to collect a debt and that any information obtained will be used for that purpose;

   f. Defendant violated §1692e(11) of the FDCPA by failing to disclose in subsequent communications with Plaintiff that that it was a debt collector; and

   g. Defendant violated §1692g(a) of the FDCPA by failing to send written notice within five days of its initial communication with Plaintiff.

Count II
Violations of the Telephone Consumer Protection Act - 47 U.S.C. § 227 *et seq.*

27. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-24.

28. Defendant's actions alleged supra constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

29. Defendant's actions alleged supra constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C)

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant as follows:

30. Statutory damages of $1000.00 pursuant to 15 U.S.C. § 1692(k);

31. Reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692(k);

32. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

33. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

34. All court costs, witness fees and other fees incurred; and

35. Awarding such other and further relief as may be just, proper and equitable.

## JURY TRIAL DEMAND

36. Plaintiff demands a jury trial on all issues so triable

                                                  Respectfully submitted,

Dated: April 6, 2021                  /s/ Adam T. Hill
                                                  Adam T. Hill
                                                  The Law Offices of Jeffrey Lohman, P.C.
                                                  28544 Old Town Front St., Suite 201
                                                  Temecula, CA 92590
                                                  P: (657) 236-3525
                                                  E: Adamh@jlohman.com
                                                  *Attorney for Plaintiff*